ROBERT M. FREER and KATHLYN M. FREER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Freer v. Commissioner
Docket No. 6566-76.
United States Tax Court
T.C. Memo 1978-282; 1978 Tax Ct. Memo LEXIS 236; 37 T.C.M. (CCH) 1193; T.C.M. (RIA) 78282; July 25, 1978, Filed Norman C. Fritz, for the petitioners. Scott R. Cox, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $ 1,051.04 in petitioners' Federal income tax for 1973. The issues for decision are: (1) Whether petitioners' stock in Gil's Inns, Inc. became worthless during 1973; and if so, (2) Whether petitioners' loss on their investment is an ordinary loss under section 1244; [1]
(3) Whether amounts advanced by petitioners to Gil's Inns, Inc. represented a bona fide loan or a contribution to the corporation's capital; (4) To the extent, if any, the funds advanced to the corporation are considered to be loans, did they constitute bad debts under section 166, deductible as such in 1973; and (5) Whether petitioners are entitled to a bad *238 debt deduction for the calendar year 1973 for certain payments made to Mrs. Joseph Kennedy and to Gilbert A. Foster. FINDINGS OF FACT Some of the facts have been stipulated and are so found. At the time of filing their petition herein, Robert M. and Kathlyn M. Freer, husband and wife, resided in Brookfield, Wis. Hereinafter Robert M. Freer will be referred to as petitioner. In early 1969 petitioner and five other individuals organized Gil's Inns, Inc. (Gil's Inns) for the purpose of operating a restaurant in Wisconsin. As his initial investment in Gil's Inns, petitioner purchased 125 shares of stock for $ 1,250. The manager and principal shareholder of Gil's Inns was Gilbert A. Foster. In connection with his managerial duties, Foster, in 1969, entered into a five-year lease with a third party for the rental of a restaurant. This restaurant, which constituted the only business of Gil's Inns, was opened in April 1969. After an apparently unprofitable beginning, [2] the restaurant eventually closed in the early part of 1970. At that time Foster left Wisconsin *239 and the lease which he had negotiated was forfeited. At the time of the forfeiture, the restaurant was insolvent. Although attempts were made by petitioner and the other shareholders to obtain other franchises, during the remainder of 1970 and at all relevant times thereafter, Gil's Inns operated no other restaurants and conducted no other business. [3]
During the period from 1971 through the first part of 1972, petitioner made payments totaling $ 1,000 to his only sister, Mrs. Joseph Kennedy. At the time of the payments, petitioner's sister was experiencing financial difficulties. Specifically, her husband had lost his job, and she was ill and unable to work. In addition, petitioner in 1973 made a personal loan of $ 100 to Foster. None of the payments made by petitioner to his sister and Foster were evidenced by notes. Further, no interest was *240 charged, no collateral supplied, and no formal collection activities were undertaken to recover the payments made. Petitioner has not recovered any of his investment in Gil's Inns stock, nor has any of the funds advanced by petitioner to his sister, Foster, and to meet the payroll expenses of Gil's Inns, been repaid. In computing his taxable income for 1973, petitioner determined that his stock in Gil's Inns became worthless, and that the aforementioned loans became uncollectible, thereby entitling him to certain deductions. Respondent, in his statutory notice of deficiency, disallowed petitioner's worthless stock and bad debt deductions in their entirety. OPINION The first issue we must decide is whether petitioner's stock in Gil's Inns became worthless in 1973 and, if so, whether any loss resulting therefrom is an ordinary loss under section 1244. A determination of when a stock becomes worthless can only be made from an inspection of all the surrounding facts and circumstances. . In this connection, the taxpayer *241 must show some "fixed and identifiable event or events" marking the stock's worthlessness during a particular year. [4]. In the present case, petitioner's primary reason for claiming a loss deduction on his Gil's Inns stock in 1973 was his feeling that the corporation was no longer viable. Although important, petitioner's subjective beliefs, standing alone, are insufficient to sustain a loss deduction under section 165(g). 875 . To the contrary, we believe, as does respondent, that on balance the evidence presented, if not conclusive of the matter, strongly suggests that petitioner's stock became worthless in 1970. [5] First, Gil's Inns ceased doing business in 1970 and was insolvent at the time. Second, Foster, *242 the prime moving force behind the business, left Wisconsin. Finally, petitioner and the other shareholders were unable to obtain a new franchise for the business in 1970. In light of the foregoing, we hold that petitioner is not entitled to a loss deduction for 1973 on the worthlessness of his Gil's Inns stock. [6]
Because we have held that petitioner's stock did not become worthless in 1973, we need not decide whether such stock was "section 1244 stock". The next issue for decision is whether the $ 530 advanced by petitioner in 1969 to Gil's Inns to help defray its payroll expenses represented a bona fide loan or a contribution to the corporation's capital.To the extent the funds advanced are loans, we must decide whether they constitute bad debts deductible under section 166 in 1973. *243 In resolving the question of whether advances of the type in the present case constitute debt or equity, the Courts have considered a number of factors including: the relationship between the parties; whether the corporation is adequately capitalized; whether interest was paid or payable on the amounts advanced; whether an outsider would have made a similar advance without security; and whether such advances were placed at the risk of the business and thus constituted risk capital. See , cert. denied ; . After taking into account the above factors, we agree with respondent and conclude that the 1969 transfer constituted a contribution to Gil's Inns capital. To begin with, no interest was paid or provided for on the advance. No note was given, nor was any collateral offered as security. Further, there was no agreement establishing the terms of the advance. Without funds to pay the wages of its employees, the corporation *244 was apparently undercapitalized. With no security offered and considering the nature of the operation, we do not believe an outsider would have made a similar advance. Accordingly, because we have found the$ 530 advanced in 1969 to be a contribution of capital, petitioner cannot claim a bad debt deduction for such amount in 1973. [7]
The final issue for decision is whether petitioner may deduct as bad debts in 1973 certain payments made to his sister and to Foster. To be allowed a deduction petitioner must show that the debts were bona fide and made with a reasonable expectation of repayment. . In examining the record, we conclude no bona fide debt was created by petitioner's advances to his sister. Petitioner did not require his sister to execute *245 a note; there was no agreement to pay interest; and, no time was fixed for repayment. We cannot believe that, considering the surrounding facts and circumstances under which the payments were made, petitioner intended to enforce collection of them. Without this intent, there is no showing that a debtor-creditor status was created; the payments were nothing more than gifts. For the same reasons, the $ 100 advanced by petitioner to Foster in 1973 stands on no better footing, and thus it is not deductible as a bad debt. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. In late 1969 petitioner advanced Foster $ 530 to help defray the payroll expenses of Gil's Inns. This advance was unsecured and non-interest bearing. Further, no note evidencing the loan was issued. ↩
3. Although Gil's Inns ceased doing business in 1970, it was not, up to and including the time of trial, formally dissolved.↩
4. Some identifiable events considered by Courts in determining the time of a stock's worthlessness include cessation of business, a decision to dissolve or liquidate when the corporation is insolvent, and bankruptcy. See and cases cited therein.↩
5. There does not appear to be any dispute that petitioner's stock is in fact worthless. The only real question is in what year did it become worthless. ↩
6. We note that our holding herein does not entirely preclude petitioner from claiming his worthless stock deduction. He still has the right under secs. 1311 through 1314 to file an amended return for 1970 and claim the loss therein.↩
7. Because the $ 530 constitutes a contribution of capital, petitioner's basis in his Gil's Inns stock is increased by such amount. Further, the portion of our opinion discussing petitioner's worthless stock claim applies equally to this amount. See also n. 6, supra.↩